

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Mr. King:

Opinion No. O-1738
Re: Compensation of Members of
the State Board of Hairdressers
and Cosmetologists

We have your letter of November 28, 1939,
which we shall quote in full:

"Sec. 7 of Art. 734b, Vernon's Annotated Penal Code, relating to the State
Board of Hairdressers and Cosmetologists,
provides as follows:

"'The members of the Board
shall each receive Ten Dollars
($10.00) a day and actual expenses
incurred in performance of their
official duties, provided the salaries of each of said members shall
in no one (1) year exceed Twentyfive Hundred Dollars ($2,500.00),
providing such expenses shall be
allowed if and when audited, approved and allowed by the State
Auditor and Efficiency Expert *
* *.'

"Senate Bill No. 427, 46th Legislature,
the Departmental Appropriation bill, makes
no reference to this per diem with maximum
allowance, but simply provides for a salary

BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom C. King, page 2

of $2,500.00 for each member of the Board
during each year of the current biennium.

"Your opinion is respectfully re-
quested as follows:

"1. Is the appropriation to be read
in the light of the general statute, so as
to conclude that the Legislature appropriated
$2,500.00, or so much thereof as may be nec-
essary for the payment of a per diem; or

"2. Was there a valid appropriation
of a salary of 1/12 of $2,500 per month
for each member?"

It is our opinion that the Legislature, by
providing in the Departmental Appropriation Bill for
the current biennium (Senate Bill No. 427, 46th Leg-
islature) an appropriation of $2,500 for each of the
three members of the State Board of Hairdressers and
Cosmetologists, intended that this money should be
disbursed in accordance with the terms of Section 7
of Article 734b, Vernon's Annotated Penal Code, which
you quote in your letter. The general law on the sub-
ject would ordinarily prevail over a conflicting pro-
vision in the appropriation bill. We do not, however,
believe that there is any conflict between the two.
The general rider to the Departmental Appropriation
Bill (at bottom of page 146 of the Supplement to the
Senate Journal for June 13, 1939) contains the follow-
ing provision:

"The appropriations herein provided
are to be construed as the maximum sums
to be appropriated to and for the several
purposes named herein* * *"

Section 7 of Article 734b of the Penal Code
provides that "the members of the Board shall each re-
ceive Ten Dollars ($10.00) a day" and sets a maximum
of $2,500 per year. The appropriation bill appropriates
$2,500 per year for that purpose. These two provisions
seem to us entirely consistent one with the other, and
they should be so construed. As said by Justice Phillips,
of the Supreme Court of Texas in Cole v. State, ex rel.

Honorable Tom C. King, page 3

Cobelini, 106 Texas 472, 170 S. W. 1036:

"Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the lawmaking body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest."

We accordingly answer your first question, "Yes," and your second question, "No."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R Koch*
Walter R. Koch
Assistant

WRK:LW

APPROVED DEC 4, 1939

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN